UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHARLES GALAN,

    Plaintiff,

v.                                    CASE NO:

SYNCHRONY BANK,
Formerly GE CAPITAL RETAIL BANK,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

CHARLES GALAN ("Mr. Galan") files suit against SYNCHRONY BANK formerly known as GE Capital Retail Bank (collectively, "SYNCHRONY") and in support alleges:

## NATURE OF ACTION

1. This is an action for injunctive relief and damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees brought by Plaintiff, Charles Galan, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") and by SYNCHRONY. Fundamentally, this case is about SYNCHRONY's refusal to respect Mr. Galan's personal and legal rights in its attempts to collect an alleged debt.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

3. Plaintiff, Charles Galan, is a natural person residing in Florida.

4.     Defendant, SYNCHRONY, is chartered as a National Bank with a principal place of business at GE CAPITAL RETAIL BANK / SYNCHRONY BANK, 170 West Election Road, Suite 125, Draper, Utah 84020.

5.     Plaintiff had one alleged debt to SYNCHRONY arising out of personal, family, or household purposes.

6.     Plaintiff is the regular user and carrier of the cellular telephone 786-970-6775 and was the called party and recipient of the SYNCHRONY calls.

7.     Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

8.     Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

9.     Defendant is a corporate entity responsible for attempting to collect a debt from Plaintiff and is transacting business in the State of Florida.

10.    Plaintiff hired Davis Law Firm to represent him with regard to all debts and claims that his creditors may have had against him, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

**BACKGROUND**

11.    Beginning in early 2014, Plaintiff began to receive multiple telephone calls from SYNCHRONY to Plaintiff's cellular phone (786-970-6775) in an attempt to collect an alleged debt.

12.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

13.    Plaintiff's account was an Amazon Store Card ending with 0212, which Plaintiff applied for and obtained through SYNCHRONY.

14. SYNCHRONY called the Plaintiff using telephone number 866-771-1104.

15. Upon speaking with a SYNCHRONY representative, Plaintiff informed SYNCHRONY to "stop calling."

16. Despite his request for the calls to stop, SYNCHRONY continued to call Plaintiff's cellular phone.

17. SYNCHRONY called Plaintiff a minimum of fifty-seven (57) times between April 12, 2014 and June 12, 2014.

18. Table I displays the times and dates of at least some of the telephone calls made by SYNCHRONY to Mr. Galan's cellular telephone between April 12, 2014 and June 12, 2014.

19. Table I:

| **Call Date / Call Time** | **Telephone Number** |
|---|---|
| 1. 5/19/2014 6:20 PM | 8667711104 |
| 2. 5/21/2014 9:32 AM | 8667711104 |
| 3. 5/21/2014 12:04 PM | 8667711104 |
| 4. 5/21/2014 7:02 PM | 8667711104 |
| 5. 5/21/2014 8:43 PM | 8667711104 |
| 6. 5/23/2014 8:59 AM | 8667711104 |
| 7. 5/23/2014 11:39 AM | 8667711104 |
| 8. 5/23/2014 1:56 PM | 8667711104 |
| 9. 5/23/2014 6:04 PM | 8667711104 |
| 10. 5/23/2014 8:47 PM | 8667711104 |
| 11. 5/27/2014 9:26 AM | 8667711104 |
| 12. 5/27/2014 2:40 PM | 8667711104 |

| | |
|---|---|
| 13. 5/27/2014 5:57 PM | 8667711104 |
| 14. 5/29/2014 9:15 AM | 8667711104 |
| 15. 5/29/2014 2:12 PM | 8667711104 |
| 16. 5/29/2014 7:17 PM | 8667711104 |
| 17. 5/31/2014 8:48 AM | 8667711104 |
| 18. 5/31/2014 11:21 AM | 8667711104 |
| 19. 5/31/2014 1:12 PM | 8667711104 |
| 20. 5/31/2014 2:50 PM | 8667711104 |
| 21. 6/1/2014 8:15 AM | 8667711104 |
| 22. 6/1/2014 9:58 AM | 8667711104 |
| 23. 6/1/2014 1:09 PM | 8667711104 |
| 24. 6/1/2014 4:14 PM | 8667711104 |
| 25. 6/2/2014 9:14 AM | 8667711104 |
| 26. 6/2/2014 10:55 AM | 8667711104 |
| 27. 6/2/2014 2:52 PM | 8667711104 |
| 28. 6/4/2014 9:09 AM | 8667711104 |
| 29. 6/4/2014 1:45 PM | 8667711104 |
| 30. 6/4/2014 4:20 PM | 8667711104 |
| 31. 6/4/2014 6:34 PM | 8667711104 |
| 32. 6/6/2014 8:46 AM | 8667711104 |
| 33. 6/6/2014 10:37 AM | 8667711104 |
| 34. 6/6/2014 4:35 PM | 8667711104 |
| 35. 6/6/2014 6:32 PM | 8667711104 |

| | |
|---|---|
| 36. 6/6/2014 7:59 PM | 8667711104 |
| 37. 6/7/2014 8:35 AM | 8667711104 |
| 38. 6/7/2014 10:02 AM | 8667711104 |
| 39. 6/7/2014 11:16 AM | 8667711104 |
| 40. 6/7/2014 1:05 PM | 8667711104 |
| 41. 6/7/2014 2:25 PM | 8667711104 |
| 42. 6/8/2014 9:49 AM | 8667711104 |
| 43. 6/8/2014 11:05 AM | 8667711104 |
| 44. 6/8/2014 2:15 PM | 8667711104 |
| 45. 6/8/2014 3:35 PM | 8667711104 |
| 46. 6/9/2014 10:46 AM | 8667711104 |
| 47. 6/9/2014 2:22 PM | 8667711104 |
| 48. 6/9/2014 4:05 PM | 8667711104 |
| 49. 6/9/2014 5:34 PM | 8667711104 |
| 50. 2014-04-12 | 8667711104 |
| 51. 2014-06-09 | 8667711104 |
| 52. 2014-06-09 | 8667711104 |
| 53. 2014-06-09 | 8667711104 |
| 54. 2014-06-09 | 8667711104 |
| 55. 2014-06-10 | 8667711104 |
| 56. 2014-06-11 | 8667711104 |
| 57. 2014-06-12 | 8667711104 |

20. SYNCHRONY attempted to collect a debt from Plaintiff by this campaign of telephone calls.

21. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

22. The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

23. The telephone calls made by SYNCHRONY were made using an artificial or prerecorded voice.

24. SYNCHRONY did not have Plaintiff's consent to call his cellular telephone using automatic telephone dialing equipment.

25. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

26. The phone number 866-771-1104 is a number that does or did belong to SYNCHRONY or its agents.

27. The calls were so frequent and in such a harassing manner that after receiving multiple telephone calls from SYNCHRONY, Plaintiff attempted to block the calls on his cellular phone.

28. On July 31, 2014, Mr. Galan, through counsel, advised SYNCHRONY that he was represented by an attorney with regard to all accounts owned or serviced by SYNCHRONY and requested that SYNCHRONY cease all direct contact with Mr. Galan.

29. The July 31, 2014 communications to SYNCHRONY provided SYNCHRONY with additional notice that (a) Mr. Galan was represented by counsel with regard to his alleged debts, (b) Mr. Galan did not wish to be contacted directly again by SYNCHRONY, and (c) Mr.

Galan disputed the alleged debts.

30. SYNCHRONY has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit.

31. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY SYNCHRONY

32. Mr. Galan incorporates by reference paragraphs 1 through 31 of this Complaint.

33. SYNCHRONY willfully and knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiffs consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

34. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, SYNCHRONY for:

a) Damages; and

b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II– VIOLATIONS OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Mr. Galan incorporates by reference paragraphs 1 through 31 of this Complaint.

36. By continuing to contact Mr. Galan despite having actual knowledge that Mr. Galan did not consent to be called, by using automatic telephone dialing equipment to call Mr. Galan' cellular telephone and leaving artificial or pre-recorded voicemails in his cellular telephone's voicemail box, by calling him at least 57 times in a 25-day span, and by communicating with Mr. Galan in a manner reasonably expected to harass Mr. Galan, SYNCHRONY engaged in consequence the natural consequence of which was to harass in

violation of Fla. Stat.§ 559.72(7).

37. WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendant, SYNCHRONY for:

a) Actual and statutory damages;

b) Attorney's fees, litigation expenses and costs of suit; and

c) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT III – INJUNCTIVE RELIEF

38. Mr. Galan incorporates by reference paragraphs 1 through 31 of this Complaint.

39. Plaintiff seeks a permanent injunction prohibiting SYNCHRONY from continuing its violations of the FCCPA.

40. WHEREFORE, Plaintiff requests that the Court enter judgment:

a) Declaring that SYNCHRONY's practices violated the FCCPA;

b) Permanently enjoining the Defendant from engaging in the violative practices; and

c) Such other and further relief as the Court deems equitable, just, or proper.

DAVIS LAW FIRM

*s/Todd M. Davis*
**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com